**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| DEMOCRATIC NATIONAL | ) | |
| COMMITTEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:08-cv-01083 (JDB) |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| FEDERAL ELECTION COMMISSION | ) | |
| 999 E Street NW | ) | |
| Washington, DC 20463, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S ANSWER**
**TO PLAINTIFF'S COMPLAINT FOR DECLARATORY**
**AND INJUNCTIVE RELIEF**

Defendant Federal Election Commission ("Commission") submits this answer to

Plaintiff's Complaint for Declaratory and Injunctive Relief (Dkt. No. 1). Any allegation not

specifically responded to below is DENIED.

1.      The Commission ADMITS the Plaintiff has filed an administrative complaint and

DENIES that it is unable or has failed to act on Plaintiff's administrative complaint within the

meaning of 2 U.S.C. § 437g(a)(8). The remainder of this paragraph describes Plaintiff's

administrative and judicial complaints, documents that speak for themselves, and no response is

required.

2.      This paragraph describes the Presidential Primary Matching Payment Account

Act, 26 U.S.C. §§ 9031-9042, which speaks for itself, and no response is required. The last

sentence of paragraph 2 consists of legal argument and conclusions, and no response is required.

3.      This paragraph contains legal argument and conclusions, and no response is required.  The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4.      The Commission affirmatively states that on or about February 6, 2008, David Mason, then chairman of the Commission, and Ellen Weintraub, then vice chair of the Commission, received a letter from Senator McCain that speaks for itself.   The Commission further affirmatively states that Chairman Mason responded to Senator McCain by letter on February 19, 2008, and that letter speaks for itself.  To the extent that this paragraph contains legal argument and conclusions, no response is necessary.  The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

5.      The Commission ADMITS that Plaintiff filed an administrative complaint on February 25, 2008.  The remainder of this paragraph describes Plaintiff's administrative complaint, a document that speaks for itself, and no response is required.

6.      The Commission ADMITS that Plaintiff filed a complaint on April 14, 2008 and that this Court dismissed the complaint on May 14, 2008.  The remainder of this paragraph describes the court complaint and this Court's order dismissing that complaint; both documents speak for themselves, and no response is required.

7.      This paragraph contains legal argument and conclusions, and no response is required.  The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.     This paragraph describes 2 U.S.C. § 437g(a)(8)(A) & (B), provisions of the

Federal Election Campaign Act, as amended ("FECA"), which speak for themselves, and no

response is required.

9.     The Commission affirmatively states that of the six Commissioners provided for

in the FECA, one Commissioner resigned in February 2007 and the terms of three

Commissioners expired on January 1, 2008.  The Commission affirmatively states that on June

24, 2008, the United States Senate confirmed five Commission appointments, and that the

agency now has a full complement of six Commissioners.  To the extent that this paragraph

describes the FECA and contains legal argument and conclusions, no response is required.

10.    The Commission DENIES the allegations in this paragraph to the extent that they

state that alleged campaign finance law violations committed by Senator McCain, if any, "will

not be redressed unless and until this Court issues an order pursuant to 2 U.S.C.

§ 437g(a)(8) . . . ."  To the extent that this paragraph contains legal argument and conclusions, no

response is required.  The Commission is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

11.    This paragraph describes 2 U.S.C. § 437g(a)(8)(C), a provision of the FECA,

which speaks for itself, and no response is required.

12-13.  The Commission states that it is without knowledge or information sufficient to

form a belief as to the truth of the allegations in these paragraphs.

Second Paragraph 10.[1]   The Commission DENIES the allegations in the first sentence of

this paragraph because the term "jointly registered" is vague, ambiguous, and undefined.  The

Commission affirmatively states that a national committee is registered with the Commission as

---

[1]     The Complaint contains two sets of paragraphs numbered 10, 11, and 13.

"DNC Services Corporation/Democratic National Committee."  The second sentence of this

paragraph contains legal argument and conclusions to which no response is required.  The

Commission is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

Second Paragraph 11.   The Commission ADMITS the allegations in this paragraph.

Second Paragraph 13.   The Commission DENIES the allegations in this paragraph.

14.     The Commission ADMITS the allegations in this paragraph.

15.     The Commission is without knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph.

16.     The Commission ADMITS the first sentence thereof.  The Commission is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

17.     This paragraph contains legal argument and conclusions to which no response is

required.

18.     The Commission ADMITS that Plaintiff made expenditures during the 2004

presidential election, and is without knowledge or information sufficient to form a belief as to

whether they were "substantial."  To the extent that this paragraph describes the FECA and the

Commission's regulations, all of which speak for themselves, or draws legal conclusions

therefrom, no response from the Commission is required.

19.     This paragraph describes 2 U.S.C. § 441a(d)(2), a provision of the FECA, and

certain of the Commission's regulations, all of which speak for themselves, and no response is

required.

20.    This paragraph appears to describe what is permitted by various provisions of the FECA, all of which speak for themselves, and contains legal argument and conclusions, and no response is required.

21.    The Commission DENIES the allegations of paragraph 21.

22.    The Commission ADMITS that candidates Barack Obama and Hillary Clinton "were expending most of their resources in the [primary election] campaign to secure the [Democratic Party's presidential] nomination." The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

23.    The Commission DENIES that it is unable or has failed "to act against" violations of the law. The remainder of this paragraph contains legal argument and conclusions, to which no response is required.

24.    To the extent that this paragraph describes 2 U.S.C. § 438g(a)(8), a provision of the FECA that speaks for itself, no response is required. The Commission is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that it "is prepared to bring and will bring an action" under 2 U.S.C. § 438g(a)(8)(C). To the extent that this paragraph contains legal argument and conclusions, no response is required.

25.    To the extent that this paragraph alleges that Senator John McCain is the presumptive nominee for the Republican Party's presidential nomination, the Commission ADMITS the allegations thereof. To the extent that this paragraph contains legal argument and conclusions, no response is required. The Commission DENIES the remaining allegations contained in this paragraph.

26.    The Commission DENIES the allegations in this paragraph.

27-33.   These paragraphs describe the Presidential Election Campaign Fund Act,  26

U.S.C. §§ 9001-9013; the Presidential Primary Matching Payment Account Act, 26 U.S.C.

§§ 9031-9042; a provision of the FECA, 2 U.S.C. § 4414a(b)(A), and certain Commission

regulations, 11 C.F.R. §§ 100.152, 9032.6(a), 9033.1, 9033.2, 9033.4(a), 9035, 9035.1(c), which

all speak for themselves, and no response is required.  To the extent that paragraph 32 alleges

that the Republican Party will nominate its presidential candidate "at the Republican National

Convention in September 2008," the Commission ADMITS the allegations thereof.  To the

extent that paragraph 33 alleges that the FECA initially set the primary election spending limit

for participating candidates at $10 million, and that limit is indexed for inflation, and is currently

set at $42.05 million, the Commission ADMITS the allegations thereof.

34.      The Commission ADMITS that it received from Senator McCain a letter of

Candidate and Committee Agreements and Certifications dated August 13, 2007.  Senator

McCain's letter speaks for itself, and therefore no response to the second sentence of this

paragraph is required.  The Commission lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in the third sentence of this paragraph.

35.      The Commission ADMITS the allegations of the first sentence of this paragraph.

The Commission's press release and Senator McCain's candidate agreement letter speak for

themselves and therefore no response to the remaining allegations contained in this paragraph is

required.

36.      To the extent that this paragraph describes provisions of state law, those

provisions speak for themselves and no response is required.  The Commission lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in

this paragraph.

37.    The Commission ADMITS the allegations in paragraph 37.

38.    The Commission ADMITS that it received a letter from Senator McCain dated February 6, 2008, and that it received a copy of a letter dated February 7, 2008 to Commissioner Judith R. Tillman, Financial Management Service, United States Treasury Department, from Trevor Potter, General Counsel to John McCain 2008, Inc.  Both letters speak for themselves, and no further response is required.

39.    The Commission ADMITS that then-Chairman Mason sent a letter to Senator McCain dated February 19, 2008, which speaks for itself, and no further response is required.

40.    The Commission ADMITS receiving a letter from Senator McCain under 11 C.F.R. § 9033.1, which speaks for itself and no response is required.  To the extent that this paragraph describes 11 C.F.R. § 9033.1, that rule speaks for itself and no response is required.

41-42.  The Commission states that its Advisory Opinion 2003-35 speaks for itself and no response is required.

43.    The Commission DENIES the allegations contained in this paragraph and states that on August 21, 2008, it voted 6-0 to grant Senator McCain's request to be released from his obligations under the Presidential Primary Matching Payment Account Act system.  The remaining allegations of this paragraph contain legal argument and conclusions and no response is required.

44-55.  The Commission states that the documents described in these paragraphs speak for themselves, and, to the extent that these paragraphs contain legal argument and conclusions, no response is required.  To the extent that these paragraphs describe or assert facts not contained in referenced documents, the Commission states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

56.     The Commission DENIES the allegations in this paragraph.  To the extent that

this paragraph references a report covering the May 1-31 time period, the Commission

affirmatively states that such a report would properly be referred to as a "June Monthly Report,"

a document that speaks for itself.  To the extent that this paragraph contains legal argument and

conclusions, no response is required.

57.     The Commission is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph.  To the extent that this paragraph

contains legal argument and conclusions, no response is required.

58.     This paragraph contains legal argument and conclusions to which no response is

required.

59.     The Commission ADMITS that Plaintiff filed an administrative complaint on

February 25, 2008, which speaks for itself, and no response is required.

60.     The Commission DENIES that it has failed to act and that it cannot now act on

Plaintiff's administrative complaint.  To the extent that this paragraph describes 2 U.S.C.

§ 437g(a)(2), that provision speaks for itself and no response is required.  To the extent that this

paragraph contains legal argument and conclusions, no response is required.

61.     The Commission DENIES that it has failed to act and that it cannot now act on

Plaintiff's administrative complaint.  The Commission affirmatively states that of the six

Commissioners provided for in the FECA, one Commissioner resigned in February 2007 and the

terms of three Commissioners expired on January 1, 2008.  The Commission affirmatively states

that on June 24, 2008, the United States Senate confirmed five Commission appointments, and

that the agency now has a full complement of six Commissioners.  To the extent that this

paragraph describes 2 U.S.C. § 437g(a) and contains legal argument and conclusions, no response is required.

62.    The Commission incorporates by reference its responses to all of the allegations contained in paragraphs 1-61 of the Complaint.

63-67.  The Commission DENIES the allegations in these paragraphs.

68.    The Commission states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph concerning alleged benefits to Senator McCain.  The Commission DENIES the remaining allegations in this paragraph.

69.    The Commission DENIES the allegations in this paragraph.

WHEREFORE, the Commission prays that the Plaintiff takes nothing from its Complaint, and the relief Plaintiff requests should be denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff lacks standing.

Respectfully submitted,

Thomasenia P. Duncan (D.C. Bar No. 424222)
General Counsel

David Kolker (D.C. Bar No. 394558)
Associate General Counsel

Harry J. Summers
Assistant General Counsel

/s/ Michael T. Liburdi
Michael T. Liburdi
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
Dated:  August 25, 2008    (202) 694-1650